NO. 12-01-00369-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JAMES BREWER                                              §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                          
MEMORANDUM OPINION
            A jury convicted Appellant James Brewer of unlawful possession of a firearm by a felon, a
third-degree felony. See Tex. Pen. Code Ann. § 46.04(a), (e) (Vernon 2004). The trial court, at
Appellant’s election, assessed punishment and sentenced Appellant to imprisonment for sixteen
years. 
            On original submission, this court affirmed Appellant’s conviction and sentence. See Brewer
v. State, No. 12-01-00369-CR, 2003 Tex. App. LEXIS 5338 (Tex. App.–Tyler June 25, 2003) (not
designated for publication). The court of criminal appeals vacated our decision as to Appellant’s
sentence and remanded the case to this court for further proceedings. Brewer v. State, No. 1270-03
(Tex. Crim. App. May 19, 2004) (not designated for publication). Upon reconsideration, we reverse
and remand for a new sentencing hearing.
 
Background
            Appellant was charged by indictment with unlawful possession of a firearm by a felon.
Appellant stipulated to the underlying felony conviction as alleged in the indictment. The indictment
also contained an enhancement paragraph alleging that Appellant had previously been convicted of
possession of a controlled substance with intent to deliver, also a felony. Appellant did not stipulate
to the offense in the enhancement paragraph, nor did the State offer any evidence to support the
allegations. The trial court did not find the paragraph to be “true,” but took judicial notice of the
contents of the presentence investigation report (PSI). Both parties and the trial judge referred to the
PSI, including the offense alleged in the enhancement paragraph. Moreover, two of Appellant’s
witnesses at punishment testified that they were generally aware of Appellant’s prior convictions. 
            In his second issue on appeal, Appellant contended that the evidence was insufficient to
support his sentence because the allegations in the enhancement paragraph had not been proved. 
Therefore, according to Appellant, he should have been sentenced for a third-degree felony.


 We
disagreed, holding that the record contained sufficient proof of the enhancement paragraph and
affirmed Appellant’s sentence. Brewer, 2003 Tex. App. LEXIS 5338, at *16. The PSI was not in
the appellate record.
 
Sufficiency of the Evidence
            Although a defendant’s prior conviction can be established through judicial notice of the
contents of the court’s files, including the contents of a PSI, the PSI must be in the appellate record
if an appeal is taken. Brewer, 1270-03, slip. op. at 5. Otherwise, the reviewing court cannot
determine (1) whether the source information actually establishes the judicially-noticed fact and (2)
whether the trial court erred in taking judicial notice based upon the quality of the source
information. Id. We have been informed by the trial court clerk that the PSI was neither included
in nor part of the original file in this case. Therefore, the PSI is not available for consideration by
this Court to determine the sufficiency of the source information. 
            The appellate record does not establish Appellant’s conviction for the felony offense of
possession of a controlled substance with intent to deliver as alleged in the enhancement paragraph.
As such, the enhancement paragraph fails. Appellant was convicted in this case of being a felon in
possession of a firearm, which is a third degree felony with a maximum sentence of ten years in
prison. Appellant was sentenced to sixteen years in prison, due to the enhancement paragraph, which
elevated the maximum penalty to twenty years. The sentence imposed not being within the penalty
range available for conviction of a third degree felony, we sustain Appellant’s second issue.
 
Conclusion
            Having held the appellate record does not support the enhancement paragraph increasing
Appellant’s punishment range from a third-degree felony to a second-degree felony, the sixteen-year
sentence imposed by the trial court was not within the correct penalty range for a third-degree felony
as charged. Therefore, we reverse and remand this case for imposition of a sentence within the
punishment range for a third-degree felony.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered July 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.














(DO NOT PUBLISH)